OPINION
PER CURIAM.
In July 2009, Derrick Brown, a federal inmate housed in Pennsylvania, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania seeking to challenge a conviction and sentence imposed in 2008 in the United States District Court for the Western District of Tennessee. Noting that Brown had yet to seek collateral review under 28 U.S.C. § 2255, and that his time in which to do so had not yet expired, the District Court concluded that § 2255 is not “inadequate or ineffective” to test the legality of Brown’s detention, and thus it dismissed the § 2241 petition notwithstanding Brown’s various claims of “actual innocence.” Brown timely filed this appeal.
We have appellate jurisdiction under 28 U.S.C. § 1291. Because this appeal presents “no substantial question,” 3d Cir. IOP Ch. 10 .6, we will summarily affirm the District Court’s judgment.[1]
Section 2241 is unavailable to Brown to challenge his federal conviction and sentence unless a § 2255 motion would be “inadequate or ineffective.” Because Brown concedes that he had yet to pursue § 2255 relief at the time he filed his § 2241 petition,[2] he plainly cannot show that § 2255 is inadequate or ineffective. Relief, if any, on Brown’s claims must first be sought under § 2255 in the sentencing court. Further, as the District Court fully explained, Brown’s assertions of “actual innocence” do not render § 2255 inadequate or ineffective. Brown simply is not in the “unusual position ... of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]” In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997).
The District Court’s judgment will be affirmed.

. To the extent that Brown needs a certificate of appealability to pursue this appeal, it is denied. Reasonable jurists could not debate the District Court's decision to dismiss Brown's petition. See Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

. The record indicates that Brown's direct appeal proceedings remained pending at the time he filed the § 2241 petition.